(No. 5637

CHRIS STRATAKOS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1972.*

SUDAK AND GRUBMAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

BURKS, J.

Claimant was bitten by a dog owned or kept by the respondent and brings this action for damages resulting from the injury he sustained. The pertinent facts which are undisputed in this case are as follows:

At the time of the incident, claimant, an employee of the Edward Don Company, was delivering a package to the office of the DuPage State Boys School located at Naperville, Illinois. After making his delivery and while leaving the said office, claimant was bitten on the lower calf of his right leg by a medium sized collie dog, which was kept on the grounds of the school by the respondent.

Ronald J. Fos, acting principal of the DuPage State Boys School, testified that the dog was a Toy Collie that had been at the school about two months after he had been given to the school by a family that was leaving the state.

Mr. Fos said the dog was generally kept on a chain to prevent him from running around and from leaving the school, but had never previously bitten or threatened to bite anyone.

Being in his office at the time of the incident, Mr. Fos examined the claimant's wound and then called the Naperville Police who had the dog checked for rabies. Shortly thereafter, claimant went to the Edwards Hospital in Naperville where he received first aid. Subsequently, he was treated by his own physician, Dr. Stanley Budrys.

In the absence of any evidence to the contrary, we conclude that the dog attacked the claimant without provocation and that claimant was peaceably conducting himself in a place where he had a lawful right to be. Under these circumstances, the liability of the respondent for claimant's injuries is absolute, by statute, even though respondent did not know of the vicious propensities of the dog. See *Ch. 8, Sec. 12d, Ill.Rev.Stat., 1971.*

The only remaining question to be determined is the amount of injury sustained by the claimant.

Claimant's medical specials are as follows:

> Edwards Hospital . . . . . $ 6.60
> Dr. Stanley Budrys . . . . 185.00
> Medicines . . . . . . . . . . . 20.00

Claimant testified that he saw Dr. Budrys ten or twelve times over a period of one month and that, as a result of the treatments, he suffered an allergic reaction which caused him much pain and difficulty. He further testified that he lost approximately six days from work, or a monetary loss of about $300.00.

Medical reports of Dr. Stanley Budrys and Dr. Lydia Serenynski, who treated claimant at the Edwards Hospital, were admitted into evidence by stipulation. Claimant was examined on behalf of the respondent by Dr. Zygmunt

Buchsbaum, and his report was also introduced into evidence by stipulation. Dr. Buchsbaum states that claimant now has "A well healed wound, very faint, hardly visible small scar on his right calf" and "Probability of no residuals in the future". Dr Lydia Serenynski's report concurs with that of Dr. Buchsbaum. Nevertheless, we cannot entirely discount the less favorable prognosis of Dr. Budrys who stated, "In view of the persistence of the complaints of pain upon activities of standing, walking and driving, there is a strong probability of deep tissue damage to the leg, which, if present, will continue to plague him indefinitely." Nothing that this opinion is based merely on "complaints of pain" given by the claimant, we must conclude that the weight of the medical evidence does not support a finding of any injury of long duration.

It is our judgment that an award be made to the claimant in the amount of $1,500.00.